UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

IN RE

HANIFER ALI

DEBTOR

CHAPTER 7

CASE NO. 16-74631

JUDGE: Hon. Louis A. Scarcella

MOTION DATE: November 30, 2017

MOTION TIME: 10:00 a.m.

    **PLEASE TAKE NOTICE** that upon the annexed affirmation of Shari S. Barak, a member of the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Rushmore Loan Management Services, LLC as Servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("Movant") will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON. Hon. Louis A. Scarcella |
| RETURN DATE & TIME: | November 30, 2017 at 10:00 a.m. |
| COURTHOUSE: | United States Bankruptcy Court<br>Alfonse M. D'Amato U.S. Courthouse<br>290 Federal Plaza<br>Central Islip, NY 11722 |
| RELIEF REQUESTED: | The proposed order will seek to vacate the automatic stay imposed by 11 U.S.C. § 362(a) generally described as 2418 Beach Channel Drive, Far Rockaway, NY 11691, pursuant to 11 U.S.C. § 362(d)(1) based upon the total debt due to Movant, resulting in Movant's lack of adequate protection or, pursuant to 11 U.S.C. § 362(d)(2), inasmuch as the estate has no equity in the aforementioned property with regard to the subject property. |

15-046966

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, to the relief requested, must be served upon and received by Shapiro, DiCaro & Barak, LLC at their offices at One Huntington Quadrangle, Suite 3N05, Melville, NY 11747 and filed with the Clerk of the United States Bankruptcy Court for the Eastern District of New York at United States Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, NY 11722 no later than seven (7) days prior to the return date of this motion.

Dated:   November 1, 2017
         Melville, New York

                                        _/s/Shari Barak
                                        _____
                                        Shari S. Barak
                                        Managing Attorney
                                        Shapiro, DiCaro & Barak, LLC
                                        Attorneys for Rushmore Loan Management
                                        Services, LLC as Servicer for U.S. Bank National
                                        Association, not in its individual capacity but solely
                                        as trustee for the RMAC Trust, Series 2016-CTT
                                        One Huntington Quadrangle, Suite 3N05
                                        Melville, NY 11747
                                        Telephone: (631) 844-9611
                                        Fax: (631) 844-9525

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.

TO:   SERVICE LIST

15-046966

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

IN RE

HANIFER ALI

DEBTOR

CHAPTER 7

CASE NO. 16-74631

JUDGE: Hon. Louis A. Scarcella

MOTION DATE: November 30, 2017

MOTION TIME: 10:00 a.m.

**AFFIRMATION IN SUPPORT OF
ENTRY OF AN ORDER GRANTING
RELIEF FROM THE AUTOMATIC STAY**

Shari S. Barak, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District Court for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

1. I am a member with the law firm of Shapiro, DiCaro & Barak, LLC, attorneys for Rushmore Loan Management Services, LLC as Servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("Movant"), a secured creditor of Hanifer Ali ("Debtor"). As such, I am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in support of the within request for an Order Granting Relief from the automatic stay, for cause, pursuant to 11 U.S.C. § 362(d)(1) and (2).

3. Jurisdiction is conferred on this Court by the provisions of 28 U.S.C. § 1334. This is a proceeding to terminate and annul the automatic stay and is therefore a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2).

15-046966

4. Movant is a secured creditor of the Debtor by virtue of a Note executed by Debtor on June 25, 2008 whereby Debtor promised to repay the principal balance of $525,000.00 plus interest to AmTrust Bank (the "Note"). To secure repayment of the Note, Debtor granted Mortgage Electronic Registration Systems, Inc., as nominee for AmTrust Bank a mortgage, which was duly recorded on July 7, 2008 in the Queens County Office of the City Register in CRFN: 2008000268804 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 2418 Beach Channel Drive, Far Rockaway, NY 11691 (the "Property"). The Loan was assigned to AmTrust Bank, f/k/a Ohio Savings Bank, and said transfer was memorialized by an assignment of mortgage executed on April 20, 2009 and recorded May 21, 2009 (the "First Assignment of Mortgage"). The Loan was subsequently transferred to Nationstar Mortgage, LLC and said transfer was memorialized by an assignment of mortgage executed on March 21, 2012 and recorded June 22, 2012 (the "Second Assignment of Mortgage"). The Loan was subsequently transferred to U.S. Bank National Association, not in its individual capacity, but solely as Trustee for the RMAC Trust, Series 2016-CTT and said transfer was memorialized by an assignment of mortgage executed on June 17, 2016 and recorded September 12, 2016 (the "Third Assignment of Mortgage"). Copies of the Lost Note Affidavit, Mortgage, and Assignments of Mortgage are annexed hereto as **Exhibit "A"**.

5. Upon information and belief, the Debtor herein own(s) the Property.

6. Debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on or about October 6, 2016.

7. The Mortgage was in default on the day the Debtor filed this bankruptcy. Based upon said default, Movant initiated foreclosure proceedings in the Supreme Court of the State of New York, County of Queens, under index number 11566/09. Judgment of Foreclosure & Sale

15-046966

("JFS") was entered April 26, 2016 by the Honorable Thomas D. Raffaele. A copy of the JFS is annexed hereto as **Exhibit "B"**. The filing of the instant bankruptcy stayed said action.

8. Debtor has failed to make current mortgage payments due to Movant under the terms of the Loan. As a result, the Mortgage remains due for the August 1, 2008 payment and each subsequent payment thereafter.

9. The amount of delinquency due as of July 7, 2017 under the Mortgage is as follows:

| | |
|---|---:|
| 101 Defaulted Monthly Payments at $4,859.84 each (August 2008 through December 2016) | $490,843.84 |
| 2 Defaulted Monthly Payments at $4,468.15 each (January 2017 through July 2017) | $31,277.05 |
| Late Charges | $2,000.42 |
| Other Fees | $79.00 |
| Property Inspection Fees | $214.50 |
| Attorneys' Fees | $8,431.64 |
| Appraisal/BPO Fees | $90.00 |
| Total Delinquencies | $532,936.45 |

10. A copy of the Relief from Stay-Real Estate and Cooperative Apartments ("Affidavit") is annexed hereto as **Exhibit "C"**.

11. Moreover, in view of the total debt due to Movant and in light of the Debtor's failure to make payments, Movant is no longer adequately protected. The automatic stay must be vacated for cause pursuant to 11 U.S.C. § 362(d)(1).

12. As set forth in the Affidavit, as of July 7, 2017, the approximate debt due and owing to Movant equals $941,690.75. The debt is accruing interest at a rate of 6.875% per annum.

13. Based upon the Debtor's Schedule D, the Property has an estimated fair value of approximately $609,618.00. A copy of Debtor's Schedule D is annexed hereto as **Exhibit "D"**. As indicated in paragraph 12 herein above, the total debt to Movant equals $941,690.75. As such, there is no dispute that the debt due to the Movant exceeds the value of the Property. By

the Debtor's own valuation, the estate has no equity in the Property sought to be foreclosed. Accordingly, relief from the automatic stay is also warranted under 11 U.S.C. § 362(d)(2).

14. Movant, according to the laws of the State of New York and the terms and conditions of the Mortgage, desires to continue and/or commence foreclosure proceedings as we have obtained JFS in the Supreme Court of the State of New York, County of Queens, under index number 11566/09.

15. Movant and/or its successors and assignees may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. If the debt is discharged, any such agreement shall be non-recourse unless included in a reaffirmation agreement.

16. The Debtor, Debtor's Attorney, the Chapter 7 Trustee and the Office of the United States Trustee have each been duly served with the within Notice of Motion, Affirmation, Exhibits and proposed Order Vacating Stay, as more fully set forth in the annexed affidavit of mailing.

17. No prior application has been made for the relief requested herein.

18. Debtors executed a promissory note secured by a mortgage or deed of trust. Creditor is unable to find the promissory note and will seek to prove the promissory note using a lost note affidavit. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

15-046966

**WHEREFORE,** Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) and (2) as to the aforementioned Property; allowing Movant, its agents, assigns or successors in interest, leave to exercise its rights pursuant to the Note and Mortgage including but not limited to foreclose the Mortgage secured by the subject Property; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:   November 1, 2017
         Melville, New York

_/s/Shari Barak
_____
Shari S. Barak
Managing Attorney
Shapiro, DiCaro & Barak, LLC
Attorneys for Rushmore Loan Management
Services, LLC as Servicer for U.S. Bank National
Association, not in its individual capacity but solely
as trustee for the RMAC Trust, Series 2016-CTT
One Huntington Quadrangle, Suite 3N05
Melville, NY  11747
Telephone: (631) 844-9611
Fax: (631) 844-9525

15-046966